UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
YITZCHOK DICK
on behalf of himself and
all other similarly situated consumers

       Plaintiff,

  -against-


ENHANCED RECOVERY COMPANY, LLC

      Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Yitzchok Dick seeks redress for the illegal practices of Enhanced Recovery Company, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Jacksonville, Florida.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Yitzchok Dick*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about April 16, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter stated in pertinent part as follows: "Non-interest Charges & Fees: $0.00."

12. The notification and collection of the said "Non-interest Charges & Fees: $0.00" is unlawful.

13. The Defendant did not have any legal basis for adding "Non-interest Charges & Fees: $0.00" onto the Plaintiff's alleged debt.

14. The least sophisticated consumer could be led to believe that although there is no collection fee at the time he received the said letter, he may be liable to such a fee in the future.

15. The said letter language implies a threat, and is confusing to the least sophisticated consumer so as to falsely imply that the creditor is entitled to receive a collection fee.

16. The Defendant was not entitled to impose "Non-interest Charges & Fees: $0.00" as a permissible fee that a creditor may charge in connection with a consumer credit transaction. Tylke v. Diversified Adjustment Service, Inc., No. 14-CV-748 (E.D. Wis.

Oct. 28, 2014). ([I]t is possible that, as the defendant suggests, an "unsophisticated consumer" might understand the statement to be explaining that no part of the debt is a "collection fee" even though the (creditor's) agreement allows for one. On the other hand, it is also possible that an "unsophisticated consumer" would interpret the statement to mean that there is no "collection fee" now but that one could be assessed later on. In other words, the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one. Such a reading is neither bizarre nor idiosyncratic.)

17. Said language can be reasonably read to have two or more different meanings, one of which is false. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

18. Defendant, as a matter of pattern and practice, mails letters, or causes the mailing of letters, to debtors using language substantially similar or materially identical to that utilized by Defendant in mailing the above-cited letter to the Plaintiff.

19. The letters the Defendant mails, or causes to be mailed, are produced by Defendant's concerted efforts and integrated or shared technologies including computer programs,

mailing houses, and electronic databases.

20. The said letter is a standardized form letter.

21. Defendant's April 16, 2015 letter is in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) 1692e(10), 1692f and 1692f(1) for the use of false and deceptive means; for falsely representing the character, amount, or legal status of a debt; for the false representation of compensation which may be lawfully received by a debt collector for the collection of a debt; for threatening to take any action that cannot legally be taken or that is not intended to be taken; for the use of unfair and unconscionable means to collect on a debt; and for attempting to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

22. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through twenty one (21) as if set forth fully in this cause of action.

23. This cause of action is brought on behalf of Plaintiff and the members of a class.

24. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 16, 2015; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Verizon; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5) 1692e(10), 1692f and 1692f(1) for the use of false and deceptive means; for falsely representing the character, amount, or legal status of a debt; for the false

representation of compensation which may be lawfully received by a debt collector for the collection of a debt; for threatening to take any action that cannot legally be taken or that is not intended to be taken; for the use of unfair and unconscionable means to collect on a debt; and for attempting to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law.

25. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

   C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

   D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

   E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

26. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

27. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

28. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

29. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

30. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory and actual damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
May 4, 2015

   /s/ Adam J. Fishbein   
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

   /s/ Adam J. Fishbein   
Adam J. Fishbein (AF-9508)

# Enhanced Recovery Company, LLC

April 16, 2015

| | |
|---|---|
| **Creditor:** | Verizon |
| **Original Creditor:** | Verizon |
| **Account Number:** | 7187733726210228 |
| **Amount of Debt:** | $258.88 |
| **Reference Number:** | 123249929 |

**Original Balance:** $258.88
**Interest Accrued:** $0.00
**Non-interest Charges & Fees:** $0.00
**Payments:** -$0.00

## YOU HAVE OPTIONS

Y DICK

Our records indicate that your balance with Verizon remains unpaid; therefore your account has been placed with Enhanced Recovery Company, LLC for collection efforts. We are willing to settle your outstanding balance by offering the following options.

Option 1: Pay the settlement of $155.33, please remit by May 21, 2015.
Option 2: Pay the settlement of $168.27, payable in 2 monthly payments of $84.14.
Option 3: Pay the settlement of $181.22, payable in 3 monthly payments of $60.41.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.

 View statements, pay your balance, and manage your account online at www.payerc.com

 Telephone: (800) 403-7816 Toll Free. All calls are recorded and may be monitored for training purposes.

 Send correspondence to: Enhanced Recovery Company, LLC, P.O. Box 57610, Jacksonville, FL 32241

 Office Hours (Eastern Time): Mon-Thur: 8:00 am - 11:00 pm; Fri: 8:00 am - 10:00 pm; Sat: 8:00 am - 8:00 pm



**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**
**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**

---

Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456



April 16, 2015

| IF PAYING BY CREDIT OR DEBIT CARD, FILL OUT BELOW OR IF PAYING BY CHECK OR MONEY ORDER PLEASE REMIT TO ADDRESS BELOW. | | |
|---|---|---|
| ☐ VISA   ☐ MasterCard | | BILLING ZIP |
| CARD NUMBER | | |
| SIGNATURE | | EXP. DATE |
| **REFERENCE NUMBER** 123249929 | **AMOUNT OF DEBT** $258.88 | **AMOUNT PAID** $ |



120703 - 504

 Y DICK
580 CROWN ST APT 5
BROOKLYN NY 11213-5355

Enhanced Recovery Company, LLC
P.O. Box 23870
Jacksonville, FL 32241-3870



### Federal Validation Notice:

Pursuant to 15 U.S.C./1692g (a), take notice that:

1. The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.

2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.

3. Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.

4. If you notify our office below in writing within (30) days of your receipt of this notice that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

5. Upon your written request to this office within thirty (30) days of your receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the letter on the reverse side of this notice.

### Federal Notice:

This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

### New York City Residents:

New York City Department of Consumer Affairs License Number: 1394588.

### New York State Residents:

Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C./1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

a) the use or threat of violence
b) the use of obscene or profane language; and
c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1) Supplemental security income, (SSI);
2) Social security;
3) Public assistance (welfare);
4) Spousal support, maintenance (alimony) or child support;
5) Unemployment benefits;
6) Disability benefits;
7) Workers' compensation benefits;
8) Public or private pensions;
9) Veterans' benefits;
10) Federal student loans, federal student grants, and federal work study funds; and
11) Ninety percent of your wages or salary earned in the last sixty days.

### For additional information please contact the following:

Enhanced Recovery Company, LLC P.O. Box 57610 Jacksonville, FL 32241

We at Enhanced Recovery Company, LLC specialize in assisting persons in different financial situations. If additional assistance is needed, please contact us or visit our website.