UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
YITZCHOK DICK,

        Plaintiff,                         **MEMORANDUM AND ORDER**
                                                                                 15-CV-2631 (RRM) (SMG)
    -against-

ENHANCED RECOVERY COMPANY, LLC,

        Defendant.
----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

        Plaintiff Yitzchok Dick brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), alleging that defendant Enhanced Recovery Company, LLC ("ERC"), *inter alia*, employed false, deceptive, unfair, and unconscionable means in attempting to collect on a debt. On February 8, 2016, ERC moved to dismiss this action pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Because the debt collection letter complained of cannot plausibly be alleged to be false, deceptive, unfair, or unconscionable, as discussed more fully below, ERC's motion is GRANTED.

## BACKGROUND

        Dick alleges that, on or about April 16, 2015, ERC sent Dick a collection letter seeking to collect the balance of a debt allegedly incurred "for personal purposes" (the "Letter"). (Compl. (Doc No. 1) at 2.)[1] On the left, the Letter states in part:

        Creditor:                Verizon
        Original Creditor:      Verizon
        Account Number     7187733726210228
        Amount of Debt:     $258.88

(*Id.* at 9.) On the right, the Letter states in part:

---

[1] For ease of references, citations to court documents reference ECF pagination.

1

> Original Balance: $258.88
> Interest Accrued: $0.00
> Non-Interest Charges & Fees: $0.00
> Payments: -$0.00

(*Id.*) Below this language, the Letter states in part:

> We are willing to settle your outstanding balance by offering the following options:
>
> Option 1: Pay the settlement of $155.33, please remit by May 21, 2015.
> Option 2: Pay the settlement of $168.27, payable in 2 monthly payments of $84.14.
> Option 3: Pay the settlement of $181.22, payable in 3 monthly payments of $60.41.

(*Id.*)

Dick asserts that ERC "did not have any legal basis for adding 'Non-interest Charges & Fees: $0.00' onto [Dick's] alleged debt" and that such language could lead an unsophisticated consumer to believe that he or she might be liable for such fees in the future. (*Id.*) Dick further alleges that the Letter "falsely impl[ies] that the creditor is entitled to receive a collection fee." (*Id.*) Finally, Dick asserts that the Letter was a standardized form letter that ERC mails to debtors using substantially similar or materially identical language. (*Id.* at 3–4.)

Dick argues that the language in the Letter violates 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1) "for the use of false and deceptive means; for falsely representing the character, amount, or legal status of a debt; for the false representation of compensation which may be lawfully received by a debt collector for the collection of a debt; for threatening to take any action that cannot legally be taken or that is not intended to be taken; for the use of unfair and unconscionable means to collect on a debt; and for attempting to collect an amount unless such an amount is expressly authorized by the agreement creating the debt or permitted by law." (*Id.* at 4.) Dick seeks injunctive relief, statutory and actual damages, and

2

costs and fees. (*Id*. at 6–7.) ERC now moves to dismiss the action for failure to state a claim.

## STANDARD OF REVIEW

At this stage, the Court assumes the truth of the facts alleged in the complaint, and draws all reasonable inferences in Dick's favor. *See Harris v. Mills*, 572 F.3d 66, 71 (2d Cir. 2009). The Court is not, however, "bound to accept as true a[ny] legal conclusion couched as a factual allegation." *Sharkey v. Quarantillo*, 541 F.3d 75, 83 (2d Cir. 2008) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Pursuant to Rule 10(c), the Court may properly consider exhibits attached to a complaint for purposes of a motion under Rule 12(b)(6). *Goldman v. Belden*, 754 F.2d 1059, 1065–66 (2d Cir. 1985). Accordingly, the Court considers in its analysis the language of the Letter attached to the complaint. (*See* Compl. at 8.)

In order to withstand the City's motion to dismiss, Dick's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). Although the complaint need not contain "detailed factual allegations," simple "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also Harris*, 572 F.3d at 72. Rather, the complaint must include "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, which means "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

The FDCPA, which was enacted to, *inter alia*, "eliminate abusive debt collection

practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses," 15 U.S.C. § 1692(e), sets out guidelines for debt collection. The FDCPA's "overarching purpose" is to deter deceptive conduct. *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008). Section 1692g identifies the minimum amount of information that a debt collector must provide to a consumer in writing, within five days of an initial communication, including the name of the creditor and the amount of the debt. 15 U.S.C. § 1692g(a).[2]

The Second Circuit applies the "least sophisticated consumer" standard when analyzing claims under the FDCPA. That standard provides for "an objective analysis" intended to "protect the naïve from abusive practices, while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters." *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360, 363 (2d Cir. 2005) (internal citations and quotation marks omitted); *accord Clomon v. Jackson*, 988 F.2d 1314, 1320 (2d Cir. 1993). Additionally, the Second Circuit has recognized a materiality requirement under section 1692e, under which a court, upon finding that a false representation has been made, then proceeds to analyze whether the misrepresentation was material. *See Gabriele v. Am. Home Mortg. Serv., Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012) (summary order); *Castro v. Green Tree Serv., LLC*, 959 F. Supp. 2d 698,

---

[2] New York State requires additional disclosures beyond those required by the FDCPA to be made in writing, within five days of an initial communication, including "[a]n itemized accounting of the debt," which includes "the total amount of non-interest charges or fees accrued since charge-off." 23 N.Y.C.R.R. § 1.2 (2015) (hereafter, "Section 1.2"). Consistent with Section 1.2, ERC included in its Letter to Dick an itemized accounting of the debt, including "Non-interest Charges & Fees: $0.00." Dick alleges that this language violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1). Because compliance with Section 1.2 does not excuse lack of compliance with the FDCPA, the Court focuses its analysis solely on whether the Letter complied with the federal statute. *See Romea v. Heiberger & Assocs.*, 163 F.3d 111, 118 n.10 (2d Cir. 1998) (indicating that if a state statute conflicts with the FDCPA, a debt collector is not excused from compliance with the federal statute); *Stewart v. Allied Interstate, Inc.*, No. 10-CV-2141 (FB), 2011 WL 2199716, at *1 (E.D.N.Y. June 6, 2011) (noting that compliance with other statutes – there the Fair Credit Reporting Act – does not shield a debt collector from liability under the FDCPA).

4

710 (S.D.N.Y. 2013).

Where, as here, an FDCPA claim is based solely on the language of a letter to a consumer, the action may properly be disposed of at the pleadings stage. *Greco*, 412 F.3d at 366 (finding it proper for a district court to determine on the pleadings that no FDCPA claim could be stated based on the language of a letter); *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 296, 311 (2d Cir. 2003) (finding that the district court properly dismissed an FDCPA claim based on the language of the collection letter); *Avila v. Riexinger & Assocs., LLC*, ("*Avila I*") No. 13-CV-4349 (RJD), 2015 WL 1731542, at *3 (E.D.N.Y. Apr. 14, 2015) ("'[B]ecause the least sophisticated consumer standard is objective, the determination of how the least sophisticated consumer would view language in a defendant's collection letter is a question of law' that the Court may resolve on a motion to dismiss." (quoting *Quinteros v. MBI Assocs., Inc.*, 999 F. Supp. 2d 434, 437 (E.D.N.Y. 2014)), *vacated in part on other grounds*, 817 F.3d 72 (2d Cir. 2016) ("*Avila II*"), *aff'd in part*, 2016 WL 1104797 (GC) (RSP) (GL) (2d Cir. Mar. 22, 2016) (summary order) ("*Avila III*").

To violate the FDCPA, a communication must be capable of misleading a consumer as to the nature and legal status of the underlying debt or impede a consumer's ability to respond to or dispute the debt. *Castro*, 959 F. Supp. 2d at 711 (citing *Gabriele*, 503 F. App'x at 94). Such is not the case here. Accordingly, as set forth below, Dick fails to state a claim under the FDCPA.

I. **Section 1692e**

Section 1692e prohibits the use of false, deceptive, or misleading representations or means in the collection of debt. 18 U.S.C. § 1692e. It contains sixteen subsections that set forth a non-exhaustive list of practices encompassed within this ban. *Clomon*, 988 F.2d at 1318. "A collection notice is deceptive when it can be reasonably read to have two or more different

meanings, one of which is inaccurate." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996). Here, Dick argues that the notation, "Non-interest Charges and Fees: $0.00" is deceptive because it could be read to have more than one meaning, one of which is false. (Pls.' Mem. in Opp'n (Doc. No. 19-2) at 3; Compl. at 3.) Specifically, Dick asserts that the notation that "Non-interest charges and fees" equal "$0.00" could lead the least sophisticated consumer "to believe that although there is no collection fee at the time he received the said letter, he may be liable to such a fee in the future." (Compl. at 2.) Dick does not allege, however, that the underlying contract authorized any collection fee.[3]

ERC's representations were not false, deceptive, or misleading. The language in the Letter in unambiguous. On the left side of the Letter, ERC writes, "Amount of Debt: $258.88." (Compl. at 8.) On the right side of the Letter, ERC provides a list demonstrating the breakdown of that amount, including, "Original Balance: $258.88" and "Non-interest Charges & Fees: $0.00." The lower portion of the Letter then provides three payment options Dick could pursue, including the settlement amount for each option, the number of months over which Dick could make payments, and the payment amount each month. (*Id.*)

Dick does not contest the accuracy of ERC's statement of the amount owed ($258.88), nor does he allege that the language about payment options was false or misleading in any way. Instead, Dick argues that the language of the Letter could imply a future imposition of non-interest charges and fees. However, such an interpretation contravenes the plain language of the Letter, which clearly sets forth the total amount of the debt and further provides an accounting of that debt. The Letter does not leave Dick, or the least sophisticated consumer, in doubt of the

---

[3] During a pre-motion conference on November 5, 2015, the Court confirmed with Dick's counsel, Mr. Fishbein, that Dick wished to proceed with a claim based only on the language of the letter and not based on the substance of the contract. (11/5/15 Hr'g Tr. (Doc. No. 21) at 23.) Mr. Fishbein confirmed that he wished to proceed based on the four corners of the complaint and that the underlying contract was not needed. (*Id.*)

nature and legal status of the underlying debt; nor does it impede the consumer's ability to respond to or dispute collection. *Gabriele*, 503 F. App'x at 94. Accordingly, the language of the letter is not false, deceptive, or misleading and does not violate section 1692e. *Cf. Rozier v. Fin. Recovery Sys., Inc.*, No. 10-CV-3273 (DLI), 2011 WL 2295116, at *4–5 (E.D.N.Y. June 7, 2011) (finding a collection letter that stated in part, "AS OF THE DATE OF THIS LETTER, YOU OWE $2387.23. INTEREST, LATE CHARGE, AND OTHER CHARGES *MAY OR MAY NOT* BE APPLICABLE TO THIS ACCOUNT," was sufficient to plausibly state a claim for violations of the FDCPA (emphasis added)); *Weiss v. Zwicker & Assocs., P.C.*, 664 F. Supp. 2d 214, 217 (E.D.N.Y. 2009) (finding that the language, "balance may include additional charges including delinquency charges, as applied at the direction of American Express, if said charges are permissible in accordance with the terms of [the parties'] agreement" was unclear as to whether the additional charges were already included in the balance and thus violated the FDCPA).

ERC relies heavily on Judge Dearie's decision in *Avila I*, which concluded that defendants were not required to disclose that the amount of debt stated in a collection letter would increase over time due to interest or fees. 2015 WL 1731542, at *6. The Second Circuit vacated *Avila I* in part after the parties filed their submissions in this action. *See Avila II*, 817 F.3d at 77. The Second Circuit held that where a collection notice states the "current balance" without informing the debtor that the balance may accrue interest and fees, *when in fact it may accrue interest and fees*, the notice violates the FDCPA. *Id.* at 76. It found that:

> A reasonable consumer could read the notice and be misled into believing that she could pay her debt in full by paying the amount listed on the notice. In fact, however, *if interest is accruing daily, or if there are undisclosed late fees*, a consumer who pays the 'current balance' stated on the notice will not know whether the debt has been paid in full. The debt collector could still seek the interest and fees that accumulated after the

7

> notice was sent but before the balance was paid, or sell the consumer's debt to a third party, which itself could seek the interest and fees from the consumer.
>
> Because the statement of an amount due, without notice that *the amount is already increasing due to accruing interest or other charges*, can mislead the least sophisticated consumer into believing that payment of the amount stated will clear her account, we hold that the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees.

*Id.* (emphasis added)

The key distinction here is that Dick does not allege that "non-interest charges and fees" were actually accruing at the time ERC listed their amount at "$0.00," or that they were going to accrue. Dick does not allege that the balance stated in the Letter was not a complete and accurate representation of the amount owed, or that the balance stated in the Letter may increase over time due to interest and fees. The Second Circuit's holding in *Avila II* – that it is misleading for a debt collector to list the amount owed without disclosing the fact that said amount is increasing – does not support Dick's argument that it is misleading to list the amount owed without affirmatively noting that the amount is *not* increasing. Accordingly, the language at issue here does not implicate the concerns discussed by the Second Circuit in *Avila II*, and there is no requirement that every statement in a debt collection notice include an extra assurance that the fact stated *will not* change in the future. Moreover, the Letter provided payment options setting forth specific amounts that would satisfy the debt in its entirety, one of which specified a future date on which Dick could make a one-time reduced payment. *See Rozier*, 2011 WL 2295116, at *5 (proposing one way to avoid confusion and uncertainty where a debt is in fact accruing interest charges and fees is to include a statement of the amount of debt due on a certain date in the future after the debtor's receipt of the letter so that the debtor "is advised of the amount of payment that will completely satisfy his obligations"). For the reasons discussed

8

above, Dick has failed to state a claim pursuant to section 1692e.[4]

Beyond Dick's failure to allege facts supporting his claim that ERC made a false, deceptive, or misleading representation, Dick's claims under the various subsections of section 1692e also fail for the additional reasons set forth below.

### a. Section 1692e(5)

Subsection 1692e(5) prohibits "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Accordingly, in order to state a claim pursuant to this subsection, Dick must allege the existence of a threat and that the action threatened was prohibited by law or not intended to be taken. *Id.*

Such threats have been found where an assertion of a then-current state of affairs is coupled with a temporal qualification. *See, e.g.*, *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 62–63 (2d Cir. 1993) (finding a letter's statement that, "no legal action has been or is now being taken against you," in conjunction with several other false statements regarding the debt collector's ability and intention to commence legal action, constituted a threat because a consumer would understand that legal action is "authorized, likely and imminent").

To determine whether a threat exists, a debt collector's communication is read as a whole, and multiple statements in the communication can be read together to discern a threat. *See, e.g.*, *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 26 (2d Cir. 1989) (finding that a threat existed based on the combination of the following statements, because, read together,

---

[4] Dick relies on a decision issued from the Eastern District of Wisconsin, *Tylke v. Diversified Adjustment Serv, Inc.*, in which the court denied a motion to dismiss, finding the sentence, "The above balance due includes a Verizon Wireless Collection Fee of $0.00" sufficient to state a claim under the FDCPA. No. 14-CV-748 (NJ), 2014 WL 5465173 (E.D. Wis Oct. 28, 2014). Beyond the fact that this decision is not based on Second Circuit precedent, the language in *Tylke*, while similar, is less clear than the language here. In *Tylke*, the letter contained a full sentence indicating that the balance due "include[d]" collection fees of $0.00. *Id.* at *1. Here, the Letter states the amount due, lists an itemized accounting of the debt, including the statement in question, and provides several proposed payment plans. For the foregoing reasons, *Tylke* is not persuasive.

they gave the false impression that the consumer could *only* avoid imminent or already instituted legal action by paying the debt: "Notice Is Hereby Given That This Item Has Already Been Referred for Collection Action"; "We Will At Any Time After 48 Hours Take Action As Necessary And Appropriate To Secure Payment In Full"; "Pay This Amount Now If Action Is To Be Stopped").

No such threat exists here. ERC's breakdown of the amount owed, which includes "Non-interest Charges and Fees: $0.00," cannot plausibly be construed as a threat that non-interest charges and fees will be charged in the future. Even the least sophisticated consumer would not read that language as a threat of future charges, especially in light of the fact that the notation is included in an itemized accounting of the debt, the Letter separately lists the total amount of the debt, and the Letter provides payment plan options. There is no reason to believe that an unsophisticated consumer would assume, contrary to the plain language of the notice, that the itemized list including non-interest charges and fees was anything but a breakdown of the debt owed. Accordingly, Dick's complaint fails to state a claim pursuant to section 1692e(5) because it does not sufficiently allege a threat made by ERC.

### b. Section 1692e(10)

Subsection 1692e(10) reiterates the general prohibition of false or deceptive representations and adds that such misrepresentations may not be used to attempt to collect any debt or obtain information concerning consumers. Similar to the analysis above, "[a] debt collection letter can be deceptive within the meaning of section 1692e(10) if: (1) the terminology used is vague or uncertain; or (2) it can reasonably read to have at least two different meanings, one of which is inaccurate." *Pifko v. CCB Credit Servs., Inc.*, No. 09-CV-3057 (JS), 2010 WL 2771832, at *4 (E.D.N.Y. July 7, 2010). The analysis here is consistent with the discussion

above because Dick relies on the same language alleged to violate section 1692e generally and the more specific subsection, 1692e(5). *See Avila I*, 2015 WL 1731542, at *5 ("The analysis here is somewhat duplicative because a section 1692e(10) violation frequently accompanies the violation of a more specific section 1692e provision." (quoting *Kapeluschnik v. Lescack & Grodensky, P.C.*, No. 96-CV-2399 (ERK), 1999 WL 33973360, at *9 (E.D.N.Y. Aug. 26, 1999) (collecting cases))). Because, as discussed above, the representations in the Letter are neither vague nor ambiguous, Dick fails to state a claim pursuant to section 1692(e)(10).

### c. Sections 1692e(2)

Subsection 1692e(2) prohibits the false representation of (1) "the character, amount, or legal status of any debt" or (2) "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C.A. §1692e(2)(A)–(B). Dick has not stated a claim under section 1692e(2) because the Letter does not seek any sums that Dick alleges to be unauthorized. To state a claim under section 1692e(2) a consumer must allege that the amount sought by the collector is incorrect.[5] *Pifko*, 2010 WL 2771832 at * 5. "[I]t is an essential element of Plaintiff's case to show that [Defendant] misrepresented the amount of the debt." *Id.* (citing *Sanchez v. United Collection Bureau, Inc.*, 649 F. Supp. 2d 1374, 1379 (N.D. Ga. 2009)).

Here, as discussed above, the Letter states the debt as $258.88, an amount that is not alleged to be incorrect. It then provides a breakdown of the debt, stating that it does not include any non-interest charges and fees. Dick has not alleged that the $258.88 total is an incorrect representation of the debt owed. Nor has he alleged that the $0.00 non-interest charges and fees

---

[5] In light of the recent Second Circuit ruling in *Avila II*, a statement of debt that fails to provide notice that the amount set forth may increase due to interest or fees constitutes an incorrect statement of the amount of the debt in violation of the FDCPA. 817 F.3d at 76. As discussed above, this is inapposite here because Dick does not allege that the non-interest charges and fees would in fact accrue in the future.

11

will increase in the future. He has only asserted that an unsophisticated consumer could *believe* that the non-interest charges and fees could increase in the future. However, this interpretation does not comport with the plain language of the Letter – it is precisely the kind of "bizarre or idiosyncratic" interpretation that a court must *not* adopt when considering debt collection language under the FDCPA. *Greco*, 412 F.3d at 363. Accordingly, Dick has not sufficiently alleged that ERC falsely represented the character, amount, or legal status of the debt, or that ERC falsely represented services rendered or compensation that may be lawfully received by ERC for the collection of the debt. Thus, Dick fails to state a claim pursuant to section 1692e(2).

## II. Section 1692f(1)

Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f (1). Because the $258.88 amount of debt is undisputed and the Court finds that, based on the plain language of the Letter, ERC was not attempting to collect any additional fees or charges, Dick has failed to state a claim under section 1692f(1).

## III. Section 1692f

Finally, Dick has not stated a claim under the more general provision, section 1692f. Section 1692f prohibits the use of unfair and unconscionable means to collect any debt. 15 U.S.C. § 1692f. It is meant to allow the Court to sanction conduct that the FDCPA's other provisions fail to specifically address. *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 667 (S.D.N.Y. 2006). It is not meant to serve as a generic backup argument when conduct addressed elsewhere in the FDCPA does not support a violation. *See id.* at 667 (dismissing a section 1692f claim because the consumer failed to identify any conduct distinct from conduct alleged to

violate other provisions of the FDCPA). Dick has not alleged any additional facts to support a violation of section 1692f beyond those alleged to support his other claims. Moreover, for the reasons discussed above with respect to Dick's section 1692e claim, the representations made in the Letter were not unfair or unconscionable. Thus, Dick has failed to state a claim under section 1692f.

## CONCLUSION

The FDCPA is intended to prevent debt collectors from trying to trap unsophisticated debtors; it is not intended to be a trap for debt collectors. Here, the Letter provides a simple and straightforward itemization of the debt allegedly owed. To require that every statement in a debt collection letter be followed by an assurance that the fact stated will not change in the future would result in complex and verbose debt collection letters that are confusing to the least sophisticated consumer – precisely the type of letter the FDCPA is meant to protect consumers against. For the reasons set forth above, the Court finds that the language in the Letter does not, as a matter of law, violate the FDCPA.

Accordingly, ERC's motion to dismiss is GRANTED and, in light of the recent Second Circuit decision in *Avila II*, 817 F.3d 72, Dick is given thirty (30) days leave to amend his complaint.

SO ORDERED.

Dated: Brooklyn, New York  
      September 28, 2016

*Roslynn R. Mauskopf*

_____  
ROSLYNN R. MAUSKOPF  
United States District Judge